GARRISON, Judge.
This is an appeal from a judgment of the district court, dismissing plaintiff’s suit, which sought to enforce an oral contract of settlement. From that judgment, which we now affirm, plaintiff appeals.
On August 12, 1976, Frank Davis was injured in an explosion at his job site with Delta Field Erection, Inc. and Tenneco. On December 27, 1977, after prescription had run, counsel for Davis filed a petition seeking workmen’s compensation benefits and enforcement of an oral contract of settlement allegedly confected between counsel as representative of Mr. Davis, and a representative of Liberty Mutual Insurance Co. Defendants filed an exception of prescription against the claim for workmen’s com *524 pensation benefits, which was properly maintained by the trial court. Additionally, defendants filed an exception of no cause of action against the contract sought to be enforced, which exception was overruled by the trial court. Both counsel stipulated that the case be submitted on depositions. After taking the case under advisement, the court rendered judgment on August 29, 1979.
Prior to the filing of the suit, Davis’ attorney was engaged in on-going settlement negotiations with Barbara McCoy Lambert, Claims Supervisor for Liberty Mutual. In May of 1977, he made formal demand for settlement. He testified that Liberty Mutual made an offer of $5,000.00 in June which he refused. Additionally, he testified as follows:[1]
“The Witness: . . . (S)ometime in very early August . . . (s)he came up with an offer of $10,000.00 less all medical payments that were made by them up to the date of the settlement, but we had not yet determined what all of the medical payments were because we had questions on . two medicals that should have been paid ... I called my client. We had several discussions after that, and we were holding it open to determine what the medicals were.
Mr. Loeffelholz:
In other words, the deal was struck and you were waiting—
Mr. Richaud:
Wait a minute, counsel.
The Witness:

The deal was not struck until September.”

Deposition, pp. 13-14. (emphasis added)
In the interim, prescription ran on August 12,1977 without suit having been filed so as to interrupt prescription.
Barbara McCoy Lambert, the adjuster handling plaintiff’s claim for compensation, testified as follows: [2]
“Q: Now as far as you are concerned, when you spoke to Mr. Gertler on September 7, 1977 and he communicated to you that your offer was acceptable of $10,000.00 less the medical payments, when you hung up the phone, or when he told you in that conversation that your offer was acceptable; as far as you were concerned, at that moment, you had a settlement, did you not?
A: At the time that I had him on the phone, yes. As soon as I put it down, no. (Deposition p. 36.)
* * * * * *
Q: When David Gertler told you on the telephone that your offer, or whatever it was, was acceptable, in your mind, at that moment, not after you hung up the phone, but at that moment, in your mind, did you not feel that the deal was struck? A: That deal was struck . . . (Deposition pp. 40-41.)

Q: Who was the first person you talked to after you hung up the phone?
A: W. T. Walker.
Q: What did you tell him?
A: I told him I had just settled a case after it had prescribed.
Q: Why did you tell him?
A: That is essentially all I told him. Q: Why did you tell him that?
A: Because I had just settled a case that had prescribed.
Q: Did you go to him and tell him you had made a mistake, or that you don’t know what to do, or do you remember what, exactly, that you told him?
You had to, but my question is, did you feel so?
A: Was I upset?
Q: Yes.
A: Yes.
Q: I knew that it was wrong and I should not have agreed to the settlement because the case had prescribed.
Q: And why would that be wrong?
*525 A: Because we did not owe anything, because he had not filed any suit to stop prescription, to interrupt the statute.” Deposition pp. 45-46 (emphasis added)
Our review of this case indicates that there was no agreement as to settlement prior to September 7, 1977 by which time the case had prescribed. Having so concluded, we find that the trial court was not manifestly erroneous in dismissing plaintiffs suit. Arceneaux v. Domingue, 365 So.2d 1330 (1978); Canter v. Koehring Co., 283 So.2d 716 (1973). Accordingly, the judgment of the trial court is affirmed.

AFFIRMED.

. Deposition of David Gertler taken on July 6, 1979.

. Deposition of Barbara McCoy Lambert taken on March 16, 1979.